THE INHABITANTS OF BELCHERTOWN *vs.* THE COUNTY COMMISSIONERS OF HAMPSHIRE.

Before county commissioners have power to lay out a town way under Rev. Sts. c. 24, § 71, they must determine that the selectmen of such town had unreasonably neglected or refused to lay out the same; and their record should distinctly state such adjudication.

PETITION for a *certiorari*, alleging that the county commissioners of Hampshire had committed errors in laying out a town road through the town of Belchertown, and ordering the town to pay the expenses thereof, and praying that their proceedings should be quashed. The order of the county com-

missioners was passed upon the petition of Samuel A. Shaw and others, representing that they had petitioned the select-men of said town to lay out said road, and that the select-men had unreasonably refused or neglected so to do.   Upon this petition the respondents adjudged "that common con-venience and necessity required the prayer of the petition to be granted."   Several errors were alleged in the proceedings of the county commissioners, but the final decision of the case renders the report of them unnecessary.

*G. Ashmun & M. Doolittle,* for the petitioners.

*C. P. Huntington,* for the respondents.

DEWEY, J.   This application for a *certiorari* comes before us at that early stage when the parties may properly urge defects in the record of the proceedings of the county commis-sioners which would be disregarded after silence over them until expenses had been incurred by the construction of the road.   The jurisdiction of the county commissioners in the present case was wholly an appellate one.   Their action was upon an application of certain persons, reciting that they had petitioned the selectmen of Belchertown to lay out a certain way, and that the said selectmen had unreasonably refused or neglected to lay out such way.   The authority of the county commissioners to proceed to lay out such way arises wholly from their finding the fact to be true that the selectmen have unreasonably refused or neglected to lay out such way. It is not enough that in their view the common convenience of the public generally, or the common convenience of the inhabi-tants of Belchertown required it.   All this might be true, and yet no unreasonable refusal on the part of the selectmen have taken place.   A perfect record of the doings of the county commissioners should distinctly state an adjudication by them upon this point, declaring that the selectmen had unreason-ably neglected or refused to lay out such town way when requested so to do.   The precise form of stating this adjudi-cation may not be material, if the fact be directly found in the record.   In the present case, upon what purports to be the copy of the record, the adjudication was that "the said commissioners did adjudge that common convenience and

necessity required the prayer of the petition to be granted." This is not sufficient, and if this be the whole record, if the case were before us on a *certiorari*, we should quash the proceedings. The case of *The Inhabitants of Pownal, Petitioners*, 8 Greenl. 271, is a direct authority to this point.

Without considering particularly the other questions raised upon the argument of this case, the court are of opinion that for this defect the prayer of the petitioners for a *certiorari* should be granted. *Certiorari ordered.*